# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00245-CR

**Antwan Tolbert, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-07-907771, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Antwan Tolbert's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Tolbert received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See*

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw is granted.

We note, however, that the judgment of conviction contains a clerical error. The judgment includes a finding that Tolbert violated the conditions of his community supervision as alleged in the State's motion to revoke community supervision by failing to avoid the use of controlled substances or dangerous drugs, failing to report to a community supervision officer on June 11, 2009, December 21, 2009, January 27, 2010, February 17, 2010, and February 24, 2010, changing residence without permission and without reporting the change to a community supervision officer, failing to complete 100 hours of community service restitution, and failing to complete a family violence assessment. On the record at the adjudication hearing, however, the State abandoned its allegations related to the use of controlled substances or dangerous drugs and failure to report on June 11, 2009, and proceeded on the remaining grounds alleged in its motion.

We modify the judgment of conviction to correct this clerical error. *See Traylor v. State*, No. 09-09-00384-CR, 2010 Tex. App. LEXIS 4749, at *2 (Tex. App.—Beaumont June 23, 2010, no pet.) (mem. op., not designated for publication) (correcting clerical error in judgment before affirming conviction in frivolous appeal under *Anders*); *Tillman v. State*, No. 14-08-00053-CR, 2008 Tex. App. LEXIS 7882, at *4 (Tex. App.—Houston [14th Dist.] Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication) (same); *see also Johnson v. State*, No. 05-07-01004-CR, 2008 Tex. App. LEXIS 2148, at *3-4 (Tex. App.—Dallas Mar. 26, 2008, pet. ref'd) (not designated for publication) (modifying judgment to delete finding that appellant had violated community supervision on ground that had been abandoned by State at adjudication hearing). The

2

judgment is modified to delete the language stating that Tolbert violated the terms and conditions of his community supervision by (1) failing to avoid the use of controlled substances or dangerous drugs, and (2) failing to report to a community supervision officer on June 11, 2009.

The judgment of conviction is affirmed as modified.

_____

Diane M. Henson, Justice

Before Justices Pemberton, Henson and Goodwin

Modified, and as Modified, Affirmed

Filed:   February 4, 2011

Do Not Publish